**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARLA CAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. _____ |
| | : | |
| CINDY BASS, a Member of Philadelphia City Council, in her Personal Capacity only, | : | |
| | : | |
| Defendant. | : | |

## Complaint

Plaintiff Carla Cain files this complaint seeking protection of her First Amendment rights of free speech and political association against official retaliation by Defendant Cindy Bass. Plaintiff specifically asserts her right to serve as a member, leader and primary point of contact of a Registered Community Organization in the 22nd Ward of the City of Philadelphia without retaliatory action by Defendant Bass because of plaintiff's exercise of her rights of free speech and political association.

**I.      Parties**

1. Plaintiff Carla Cain is an adult individual residing in the City of Philadelphia.

2. Defendant Cindy Bass is an elected member of the Philadelphia City Council, representing District 8 within the City. Councilmember Bass is sued in her personal capacity only.

**II.     Jurisdiction and Venue**

3. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343. This is brought under 42 U.S.C. § 1983. Attorneys' fees are authorized by 42 U.S.C. § 1988.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) because defendant lives in this judicial district.

5. Plaintiff seeks relief that is only equitable in nature.

### III. Facts

6. Cain is a lifelong Philadelphia resident, an elected local Democratic committeeperson for the 22nd Ward, 25th Division, serving as the First-Vice Chair for the 22nd Ward ("Ward"), and is also a member of Pennsylvania Democratic State Committee.

7. Bass holds the elected positions of Ward Leader in the 22nd Ward and as City Councilperson in the Eighth Council District.

8. Cain and Bass are frequent political opponents within the Ward with Cain frequently speaking out against various political candidates, including Bass.

9. Such opposition has taken the form of 1) Cain voicing her opinion that Bass has violated various rules and by-laws of the Ward's Democratic committee as established by the Democratic Party, 2) Cain attempting to compel Bass to reveal her campaign contributions, 3) Cain questioning Bass's transparency when dealing with other political candidates and organizations, and 4) Cain withholding her support for Bass's candidacy for Ward Leader.

**A.    The Role of Registered Community Organizations in Philadelphia Municipal Government**

10. In the City of Philadelphia, a registered community organization ("RCO") is a neighborhood organization that can be established under the Philadelphia Zoning Code ("Code") to serve an important function in the process of land development in the City of Philadelphia.

11. The City of Philadelphia's Zoning Board of Adjustment ("Zoning Board") has the power *inter alia* to grant special exceptions and variances from the terms of the Code and to hear

appeals from allegedly erroneous enforcement decisions by City zoning and codes personnel. Code § 14-103(4).

12. The City of Philadelphia's Civic Design Review Committee ("Committee") is a special governmental body composed of architects, urban design professionals and community representatives that performs an independent review of large-scale development projects proposed in the City. Code § 14-304(5)(a)(.2), (b)(.1).

13. As defined by the Code, an RCO is an organization that has "adopted a statement of purpose… concerning land use, zoning, or [a] similar object" for a "geographic area of concern" no larger than 20,000 parcels and that conducts publicly advertised meetings on a regular basis. See generally Code § 14-303(11A)(a)(.1)-(.7).

14. Under §§ 14-303(11A) and (12) of the Code, RCOs contribute to the process of building permit approval by the Philadelphia Zoning Board of Adjustment and the Civic Design Review Committee.

15. An RCO serves as a liaison between developers proposing new construction in the city and the residents of local neighborhoods, members of political parties, and civic organizations that may be affected by such construction, representing the local population generally and providing local community input on physical development projects occurring within the affected community.

16. In practice, it is important for a developer to gain the support of all interested RCOs in the physical development project in order to streamline the development approval process with the Philadelphia City Planning Commission ("Commission").

17. There is no limit to the number of RCOs that may be registered in a given Ward or geographic area of the City.

18. Presently, there are approximately 260 RCOs serving communities throughout the city.

19. Whenever a developer requests a special exception or a zoning variance, proposes construction that will require review by the Committee, or proposes construction in a Neighborhood Conservation Overlay district, see Code § 14-504, the Philadelphia City Planning Commission is required to notify every RCO "whose registered boundaries include the applicant's property." Code § 14-303(12)(a)-(b).

20. Thereafter, upon receiving the notice, the Coordinating RCO,[1] after consulting with both the applicant for physical development and other RCOs whose registered geographical boundaries include the property to be developed, is responsible for setting a time, place, date for a public meeting at which the applicant's proposed development can be discussed. Code § 14-303(12)(e).

21. After a public meeting is held, the Coordinating RCO is required to prepare a meeting summary form, which is to made available to the public, documenting any and all actions taken at the meeting and forward this summary to the Philadelphia City Planning Commission. Code § 14-303(12)(e)(4).

22. Illustrating the importance of any RCO's input on the physical development proposed, neither the City's Zoning Board nor Civic Design Review Committee is permitted to issue a decision on a case until either the RCO meeting is held or, in spite of good faith efforts to

---

[1] A Coordinating RCO is either (1) the sole RCO whose registered boundaries include the applicant's property or (2) in the case of the applicant's property being within the registered boundaries of multiple RCOs, the RCO selected by the district councilmember whose district includes the applicant's property. Code § 14-303(12)(b)(2)(a)-(b).

4

hold the meeting, the time period allowing for the meeting before decision has expired. Code § 14-303(12)(e)(5).

23. An RCO must reapply to the city for recognition every two years from its initial application to remain in active status. Code § 14-303(11A)(d).

**B. Cain Establishes the 22nd Ward Democratic Committee RCO and Serves as its Leader, but is Promptly Ousted at Bass's Direction**

24. In June of 2019, Cain succeeded in establishing an RCO for the 22nd Ward called the 22nd Ward Democratic Committee RCO.

25. At the inaugural meeting of the 22nd Ward Democratic Committee RCO, Cain was elected by the membership to serve as president in addition to being the RCO's primary contact as indicated on the registration information for the 22nd Ward Democratic Committee RCO.

26. Since establishing the 22nd Ward Democratic Committee RCO, Cain has been removed several times from her position as primary contact for the RCO and contrary to city ordinance governing RCOs.

27. The regulations provide that, while an RCO may submit a written request to the Executive Director of the City Planning Commission to update its registration information at any time, the request "must be submitted or verified by the primary contact person as listed on the RCO's current registration unless the primary contact is unavailable." Philadelphia City Planning Commission Reg. 12.3.4.

28. Cain neither submitted nor verified the change to the registration information establishing the RCO's primary contact any time she was removed as required by Regulation 12.3.4.

29. Bass has used the authority of her position as a member of City Council to bypass the regulations set forth governing the operation of RCOs, in order to appoint her supporters and allies as the primary contact for the 22nd Ward Democratic Committee RCO in place of Cain.

30. Cain became aware via an email from the City's RCO Coordinator dated September 21, 2020, that on or about August 13, 2020, an anonymous user had submitted an application to the City Planning Commission to replace Cain as a primary contact for the RCO. See Exhibit A attached hereto.

31. Cain believes that Bass submitted such application, because Bass, in her capacity as Ward Leader, also took formal action at such time certifying the application removing Cain from her position within the RCO.  See Exhibit B attached hereto.

32. Two individuals, Christine Foster and Dominic Mathis, committeepersons who are known supporters of Bass, were identified as the new primary contacts for the RCO.

33. Cain, however, had not submitted or verified this change to the RCO's registration information, despite being the sole person with authority to do so.

34. The anonymous application and the certification thereof by Bass shows that Bass was involved with the change to the RCO's primary contact information and interfered with Cain's position within the RCO by unilaterally having her removed from her position as primary contact and head thereof.

35. At some time thereafter, Cain was orally advised by the City Planning Commission that she had been reinstated in title only to her position within the RCO.

36. However, later, at a meeting for RCOs held at True Life Church, individuals acting under Bass's supervision refused to give Cain any material which was provided to other RCO members, while the head of the RCOs in the 8th Council District, also allied with Bass's political interests, refused to acknowledge Cain at the meeting.

37. At two different times later, Cain was again advised that she had been removed as the primary contact for the RCO and stripped of any ability to function in her role within the RCO to gather information from developers and provide community input to the Planning Commission.

38. Consequently, Cain had no ability to communicate with or receive information from developers and was entirely deprived of the ability to engage in the process intends for RCOs to be active participants.

39. Upon inquiry, a city of employee working within City Planning confirmed that Cain's removal had been done pursuant to Bass's direction.

40. Cain then orally was advised that she had been reinstated, but then again in December of 2021 Cain was advised for a third time that she had again removed from her position within the RCO.

41. To date, Cain has not participated in any development projects occurring within the geographical boundaries of the 22nd Ward Democratic Committee RCO despite approximately thirty (30) development projects occurring in that area.

42. Such projects include the proposed development of a property located at 361 Hortter Street in Mount Airy and a grocery store which is being targeted for a for a large, multi-story apartment building.

43. Cain's inability to perform the responsibilities of her RCO position are the direct result of Bass's continued and persistent campaign to interfere and prevent Cain from participating in the RCO process in retaliation for Cain's political speech and associations in opposition to Bass's political positions and endeavors.

## COUNT I
**Unlawful Retaliation for Cain's Exercise of Her First Amendment Right to Free Speech**
**U.S. Const. amend. I**
**42 U.S.C. § 1983**

44. Cain is a lawfully democratically elected local and state Democratic committeeperson entitled to the full exercise of First Amendment rights identical to that of any private citizen.

45. Cain has the right to be free from retaliation because of her exercise of her First Amendment right to free speech against, and political activity in opposition to, Bass.

46. Bass, a public official acting under color of law – albeit without authority – has retaliated against Cain by repeatedly acting to deny her, either personally or by agent, the right to serve as the head of the 22nd Ward Democratic Committee RCO.

47. Cain engaged in free speech activity protected by the First Amendment, namely, advocating for Bass's improved transparency regarding dealings with other political associations, adherence to party rules, making disclosures regarding campaign funds, and running for political office.

48. In response to Cain's exercise of her free speech rights, Bass has engaged in a series of retaliatory actions having material impact on Cain which included repeatedly ousting Cain from her position as the primary contact for the 22nd Ward Democratic Committee RCO and thereby thwarting Cain's ability to carry out the functions of the RCO, including collecting and providing community input on physical development projects within the geographical boundaries of the are the RCO serves.

49. Bass's retaliatory actions were sufficient to interfere with and, at times, wholly impede Cain's ability to perform, her duties as president and primary contact of the RCO.

50. Bass's pattern of antagonism aimed at Cain establish that Bass's actions against Cain were taken because of Cain's criticism of Bass for actions as Ward Leader and City Councilperson.

**WHEREFORE**, Plaintiff Carla Cain prays the Court to:

a. PERMANENTLY ENJOIN Cindy Bass from engaging in retaliatory activity against Carla Cain for her exercise of free speech rights protected under the First Amendment and CEASE from unilaterally and unlawfully attempting to remove or prevent Cain from performing her duties as a member of the 22nd Ward Democratic Committee RCO, including any leadership positions she may lawfully hold, except as otherwise permitted by law;

b. PERMANENTLY ENJOIN Cindy Bass from asserting improper influence on other officials or employees of the City of Philadelphia in order to interfere with, and prevent performance of, Carla Cain's lawful duties as the head and point of contact of the 22nd Ward Democratic Committee RCO

c. ORDER Cindy Bass to take whatsoever corrective action as shall be necessary and just to undo any actions undertaken to remove Carla Cain from her position in the 22nd Ward Democratic Committee RCO; and

d. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other relief as is just and equitable.

## COUNT II
**Unlawful Retaliation in Violation of Cain's First Amendment Right to Political Association**
U.S. Const. amend. I
42 U.S.C. § 1983

51. Cain has engaged in associational activity protected by the First Amendment, namely, refusing to lend her support to Bass during Bass's campaign for Ward Leader.

52. In response to Cain's exercise of her associational rights to withhold support from Bass, Bass engaged in a series of retaliatory actions which had more than a *de minimis* impact on Cain, including repeatedly ousting Cain from her position as the leader and primary contact for the 22nd Ward Democratic Committee RCO, thereby thwarting Cain's ability to carry out the functions of the RCO including collecting and providing community input on physical development projects within the geographical boundaries of the RCO.

53. Bass's retaliatory actions were sufficient to interfere with and, at times, wholly impede Cain's ability to perform her duties as president and primary contact of the RCO.

**WHEREFORE**, Plaintiff Carla Cain pray the Court to:

a. PERMANENTLY ENJOIN Cindy Bass from engaging in retaliatory activity against Carla Cain for her exercise of associational rights protected under the First Amendment and CEASE from unilaterally and unlawfully attempting to remove or prevent Cain from performing her duties as a member of the 22nd Ward Democratic Committee RCO, including any leadership positions she may lawfully hold, except as otherwise permitted by law;

b. PERMANENTLY ENJOIN Cindy Bass from asserting improper influence on other officials or employees of the City of Philadelphia in order to interfere with, and prevent performance of, Carla Cain's lawful duties as the head and point of contact of the 22nd Ward Democratic Committee RCO;

c. ORDER Cindy Bass to take whatsoever corrective action as shall be necessary and just to undo any actions undertaken to remove Carla Cain from her position in the 22nd Ward Democratic Committee RCO; and

d. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other relief as is just and equitable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **METTE, EVANS & WOODSIDE** |
| Dated: January 27, 2022 | By: _____ |
|  | Aaron D. Martin |
|  | Pa. Atty. I.D. 76441 |
|  | 3401 North Front Street |
|  | Harrisburg, PA 17110 |
|  | Phone: 717-232-5000 |
|  | admartin@mette.com |
|  | *Attorneys for Plaintiff,* |
|  | *Carla Cain* |