IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA CAIN,<br><br>    Plaintiff,<br><br>v.<br><br>CINDY BASS, a Member of Philadelphia City Council, in her personal capacity only,<br><br>    and<br><br>CITY OF PHILADELPHIA,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 2:22-cv-00360 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
CINDY BASS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Cindy Bass, by and through undersigned counsel, hereby submits this Answer and Affirmative Defenses to Ms. Cain's Amended Complaint:

**I.  Parties**

1. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph, and therefore denies them.

2. Admitted.

3. Admitted.

**II.  Jurisdiction and Venue**

3. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

4. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

5. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

**III. Facts**

6. Admitted in part. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations as to the duration of Ms. Cain's residency, and therefore denies them.

7. Admitted.

8. Admitted in part and denied in part. Admitted that Ms. Bass and Ms. Cain both were candidates for Ward Leader in the 2019 22nd Ward Democratic Committee election. Ms. Bass denies that allegations in this paragraph insofar as they characterize Ms. Cain and Ms. Bass as "frequent political opponents." Ms. Cain was not only a supporter of Ms. Bass, but worked with Ms. Bass's campaign for Philadelphia City Council in 2011, and other than the 2019 and 2022 22nd Ward elections, Ms. Cain and Ms. Bass have never run against each other in an election. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations regarding the frequency or substance of Ms. Cain's political statements, and therefore denies them.

9. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations regarding the frequency or substance of Ms. Cain's political statements, and therefore denies them.

**A.** **The Role of Registered Community Organizations in Philadelphia Municipal Government**

10. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

11. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

12. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

13. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

14. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

15. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

16. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

17. Admitted.

18. Admitted.

19. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

20. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

21. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

22. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

23. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

24. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

25. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph. By way of further response, the Philadelphia Zoning Code provides that the City Planning Commission has the authority to promulgate regulations to implement the

provisions of the Code governing RCOs. Philadelphia, Pa., Zoning Code § 14-303(11A)(g). City Planning Commission Regulation 12.3.2.2.10 states that the Executive Director of the City Planning Commission can require any additional RCO application materials which may include "verification that the organization has authorized the individual filing the application to register the organization as an RCO and has approved the listed primary contact person." Accordingly, the RCO application for ward organizations requires ward leader approval.

  **B.**  **Councilmanic Prerogative and Its Role in City Politics**

  26.  Admitted that there is no writing containing the councilmanic prerogative. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

  27.  The allegations in this paragraph are overly broad, imprecise, vague and ambiguous (as well as legally irrelevant), and Ms. Bass therefore denies them.

  28.  Denied.

  29.  The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

  30.  The allegations in this paragraph are overly broad, imprecise, vague and ambiguous (as well as legally irrelevant), and Ms. Bass therefore denies them

  31.  The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

  32.  The allegations in this paragraph are overly broad, imprecise, vague and ambiguous (as well as legally irrelevant), and Ms. Bass therefore denies them.

### C. Cain Establishes the 22nd Ward Democratic Committee RCO and Serves as its Leader, but is Ousted at Bass's Unilateral Direction

33. Denied. Ms. Cain did not establish an RCO, but rather sought to register the already existing 22nd Ward Democratic Committee, which is led by Ms. Bass who won the elections for ward leader in 2019 and 2022.

34. Denied. The 22nd Ward Democratic Committee, led by elected Ward Leader Ms. Bass, has never met as an RCO. Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function.

35. Denied. Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function, and therefore has no right to do so

36. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

37. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph, and therefore denies them. By way of further response, Ms. Cain has purported to speak for the 22nd Ward Democratic Committee as if she had been elected by the 22nd Ward Democratic Committee or appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of and primary contact for the 22nd Ward Democratic Committee or its alleged RCO function. Ms. Cain was neither elected by the 22ndWard Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic

Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function, and therefore has no right to do so.

38. Denied.

39. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph as stated, and therefore denies them.

40. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph, and therefore denies them.

41. Denied as stated. Christine Foster and Dominic Mathis were identified in Exhibit "B" to the Amended Complaint as primary contacts for the 22nd Ward Democratic Committee. Ms. Bass is without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph as stated, and therefore denies them.

42. The allegations in this paragraph, other than that Ms. Cain had not submitted or verified the changed registration information, constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph other than that Ms. Cain had not submitted or verified the changed registration information.

43. Denied. By way of further response, councilmanic prerogative has nothing whatsoever to do with the intra-party activities of the 22nd Ward Democratic Committee. Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function. Therefore, she did not have authority to act as the primary contact person or president of the 22nd Ward Democratic Committee or its alleged RCO function.

44. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

45. Denied, except that Ms. Bass is without sufficient information or personal knowledge of events that are alleged to have occurred at a meeting Ms. Bass did not attend, and therefore denies those allegations.

46. Denied. By way of further response, Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function. Therefore, she did not have authority to act as the primary contact person or president of the 22nd Ward Democratic Committee or its alleged RCO function.

47. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph regarding what Ms. Cain was advised and therefore denies them. By way of further response, Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function. Therefore, she did not have authority to act as the primary contact person or president of the 22nd Ward Democratic Committee or its alleged RCO function.

48. The authenticity of Exhibit "D" to the complaint is admitted. By way of further response, Ms. Bass, in her capacity as ward leader of the 22nd Democratic Ward Committee, sought to appoint Christine Foster as primary contact for the 22nd Democratic Ward Committee. Any remaining allegations in this paragraph are denied.

49. The allegations in this paragraph constitute legal conclusion to which no response is required. To the extent a response is deemed to be required, the allegations in this paragraph

are denied. Ms. Cain has purported to speak for the 22nd Ward Democratic Committee as if she had been elected by the 22nd Ward Democratic Committee or appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of and primary contact for the 22nd Ward Democratic Committee or its alleged RCO function. Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function, and therefore has no right to do so.

50. The allegations in this paragraph constitute legal conclusion to which no response is required. To the extent a response is deemed to be required, the allegations in this paragraph are denied. Ms. Cain has purported to speak for the 22nd Ward Democratic Committee as if she had been elected by the 22nd Ward Democratic Committee or appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of and primary contact for the 22nd Ward Democratic Committee or its alleged RCO function. Ms. Cain was neither elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function, and therefore has no right to do so.

51. Denied. By way of further response, Ms. Cain may communicate with and receive information from developers by participating in any RCO that represents her residential geographic area or by establishing an RCO that is not the 22nd Ward Democratic Committee.

52. Denied. By way of further response, Ms. Cain may engage in the process intended for RCOs by participating in any RCO that represents her residential geographic area or by establishing an RCO that is not the 22nd Ward Democratic Committee.

53. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

54. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

55. Denied as stated. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations as to what Paul Chysie might have said to the author of the article reference in this paragraph. However, the purported quote is inaccurate or imprecise, as the author of the article failed to understand that Ms. Cain lacked the authority to serve as the primary contact and president of the 22nd Ward Democratic Committee or its alleged RCO function without having been elected by the 22nd Ward Democratic Committee or appointed by the leadership of the 22nd Ward Democratic Committee.

56. Denied as stated. The purported quote is inaccurate or imprecise, as the author of the article failed to understand that Ms. Cain lacked authority to serve as primary contact for and president of the 22nd Ward Democratic Committee or its alleged RCO function without having been elected by the 22nd Ward Democratic Committee or appointed by the leadership of the 22nd Ward Democratic Committee.

57. Denied.

58. Denied

59. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

60. Ms. Bass is without sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

61. Denied.

62. Denied.

## COUNT I
### (Against Defendant Cindy Bass)
### Unlawful Retaliation for Cain's Exercise of Her First Amendment Right to Free Speech
### U.S. Const. amend. I; 42 U.S.C. § 1983

63. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

64. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

65. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations. By way of further response, Ms. Cain has neither been elected by the 22nd Ward Democratic Committee nor appointed by the leadership of the 22nd Ward Democratic Committee to serve as president of or primary contact for the 22nd Ward Democratic Committee or its alleged RCO function, and therefore has no entitlement to those positions.

66. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT II
### (Against Defendant Cindy Bass)
### Unlawful Retaliation in Violation of Cain's First
### Amendment Right to Political Association
### U.S. Const. amend. I; 42 U.S.C. § 1983

71. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

72. Denied.

73. Denied.

## COUNT III
### (Against Defendant City of Philadelphia)
### Reinstatement to Official Position
### U.S. Const. amend. I, XIV; 42 U.S.C. § 1983

74. The allegations of Count III are directed solely to a party other than Ms. Bass, and therefore no response is required. In the event a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

75. The allegations of Count III are directed solely to a party other than Ms. Bass, and therefore no response is required. In the event a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

76. The allegations of Count III are directed solely to a party other than Ms. Bass, and therefore no response is required. In the event a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

77. The allegations of Count III are directed solely to a party other than Ms. Bass, and therefore no response is required. In the event a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

78. The allegations of Count III are directed solely to a party other than Ms. Bass, and therefore no response is required. In the event a response is deemed to be required, Ms. Bass denies the allegations in this paragraph.

79. The allegations of Count III are directed solely to a party other than Ms. Bass, and therefore no response is required. In the event a response is deemed to be required, Ms. Bass denies the allegations in this

**AFFIRMATIVE DEFENSES**

80. The Amended Complaint fails to state a claim upon which relief can be granted.

81. The Amend Complaint fails to plead facts amounting to state action.

82. Ms. Cain lacked authority to register the 22nd Ward Democratic Committee with the City Planning Commission, or to elect or appoint herself as the primary contact and president in connection with that registration.

83. Ms. Bass, as the elected Ward Leader for the 22nd Ward Democratic Committee, had and still has the authority she exercised regarding the registration of the 22nd Ward Democratic Committee with the City Planning Commission.

WHEREFORE, Defendant Cindy Bass demands that Ms. Cain's claims be denied with prejudice, and that she be awarded her costs, including reasonable attorneys' fees.

/s/ David Smith
David Smith (Attorney I.D. 21480)
Layal A. Issa (Attorney I.D. 329214)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
(215) 751-2190

*Attorneys for Defendant,*
  *Cindy Bass*

Dated: June 10, 2022.