UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA CAIN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| CINDY BASS | : No. 2:22-cv-360-CFK |
| and | : |
| CITY OF PHILADELPHIA, | : |
| Defendants. | : |

**DEFENDANT CITY OF PHILADELPHIA'S ANSWER
TO THE SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant the City of Philadelphia (the "City"), by and through undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

**I.  Parties**[1]

1. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

2. Admitted.

3. Admitted.

---

[1] For ease of reference, Defendant City uses Plaintiff's headings. They are not intended to admit or deny any allegation.

**II.     Jurisdiction and Venue**

3.     The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.[2]

4.     The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

5.     The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

**III.     Facts**

6.     Admitted in part, denied in part. It is admitted only that Plaintiff is an elected committeeperson for the 22nd Ward Democratic Committee in the 25th Division. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and therefore denies them.

7.     Admitted.

8.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

9.     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

---

[2] Plaintiff's Second Amended Complaint contains two paragraphs numbered "3." Thus, so does this Answer with Affirmative Defenses.

A. **The Role Registered Community Organizations in Philadelphia Municipal Government**

10. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

11. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

12. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

13. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

14. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

15. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

16. Denied as stated.

17. Admitted.

18. Denied. As of July 2022, there are approximately 274 RCOs in Philadelphia.

19. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

20. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

21. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

22. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

23. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

24. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

25. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

    **B.**     **Councilmanic Prerogative and Its Role in City Politics**

26. Denied.

27. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

28. Denied.

29. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

30. The allegations in this paragraph are overly broad, imprecise, vague, ambiguous, and legally irrelevant, and the City therefore denies them.

31. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

32. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

### C. Cain establishes the 22nd Ward Democratic Committee RCO and Serves as Its Leader, but Is Ousted at Bass's Unilateral Direction

33. Denied as stated. By way of further response, an RCO is not "established," it is merely a status conferred on already existing organization that meets the requirements of the Philadelphia Code and the PCPC regulations. It is admitted that the City received an application for the 22nd Ward Democratic Committee to be registered as an RCO in June 2019 purportedly submitted by Ms. Cain.

34. Denied in part; admitted in part. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph regarding a meeting and Plaintiff's alleged election and appointment at such meeting and therefore denies the

allegations. It is only admitted that Ms. Cain was listed as the primary contact on the 22nd Ward Democratic Committee RCO application that was submitted to the City.

35. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph. The City denies that Plaintiff was removed from the purported primary contact role multiple times and specifically denies that any removal was contrary to any City process or ordinance.

36. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

37. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

38. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

39. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. To the extent that this allegation characterizes a written document, the contents of the document speak for themselves and Plaintiff's characterizations are denied.

40. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. To the extent that this

allegation characterizes a written document, the contents of the document speak for themselves and Plaintiff's characterizations are denied.

41. Admitted in part and denied in part. It is admitted that Christine Foster and Dominic Mathis were identified as contacts for the 22nd Ward Democratic Committee. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and therefore denies them.

42. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. To the extent that Plaintiff alleges that she was "the sole person with legal authority" to change the 22nd Ward Democratic Committee RCO's registration information, that allegation constitutes a conclusion of law to which no response is required. To the extent a response is deemed to be required, the City denies that allegation.

43. Denied.

44. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. By way of further response, Ms. Cain remained the primary contact for the 22nd Ward Democratic Committee RCO until fall 2021.

45. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

46. Denied as stated. It is admitted that Ms. Cain submitted an application to renew the 22nd Ward Democratic Committee RCO on June 3, 2021, and that the application was accepted.

47.     Denied. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them. By way of further response, it is admitted that the City informed Ms. Cain by email that the primary contact for the 22nd Ward Democratic Committee RCO had been changed in fall of 2021.

48.     The City admits only that on October 13, 2021, it received a letter from Ward Leader Bass, the contents of which speak for themselves. The letter was considered by the City in relation to Plaintiff's purported role as primary contact for the RCO. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies them.

49.     The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph. The City specifically denies that removal was contrary to any City process.

50.     Denied. By way of further response, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

51.     Denied. By way of further response, Plaintiff could attend any public meeting she desired and make her opinion on development projects known. In addition, Plaintiff has never been prevented from registering an RCO for any organization that she controls or directs or for which she has been authorized to do so. Nor has Plaintiff been prevented from engaging in the political process by petitioning her representatives in City government or running to become a public or party official herself, as she has in the 22nd Ward Democratic Committee. Finally, Plaintiff is not prevented from contacting developers directly.

52. Denied.

53. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. By way of further response, it is admitted that the City informed Ms. Cain that the change had been made at the request of the 22nd Ward Democratic Committee.

54. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. By way of further response, it is admitted only that the primary contact for the 22nd Ward Democratic Committee RCO was changed in fall 2021.

55. Denied. By way of further response, Defendant City lacks the authority to appoint Plaintiff to any position within a private, political organization.

56. Denied.

57. Denied.

58. Admitted.

59. Denied.

60. Admitted.

61. Denied.

62. Denied. By way of further response, the City and its officials lack the authority to appoint or remove Plaintiff to or from any position within a private, political organization.

63. Denied. It is admitted only that the City removed Plaintiff from the list of primary contact persons for RCOs as the primary contact for the 22nd Ward Democratic Committee RCO in fall 2021 at the request of the 22nd Ward Democratic Committee.

64. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them. By way of further response, the City has not prevented Plaintiff from "participat[ing] in any development projects" within the City's 22nd Ward. In fact, Plaintiff may apply for an organization to be recognized as a non-ward RCO, so long as her organization meets the requirements of the Philadelphia Code and PCPC Regulations. Plaintiff may also obtain the publicly available information about any "development project" that she desires and express her opinion on it in public meetings.

65. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

66. Denied.

67. Denied.

68. Denied.

## COUNT I
**(Against Defendant Cindy Bass)**
**Unlawful Retaliation for Cain's Exercise of Her First Amendment Right to Free Speech**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

69. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

70. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

71. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

72. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

73. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

74. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

75. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

76. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

**WHEREFORE** clause:

This paragraph is a "wherefore" clause to which no response is required.

## COUNT II
**(Against Defendant Cindy Bass)**
**Unlawful Retaliation in Violation of Cain's First Amendment Right to Political Association**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

77. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

78. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

79. This claim pertains to another defendant and requires no response from Defendant City. To the extent that a response is required, this allegation is denied.

**WHEREFORE** clause:

This paragraph is a "wherefore" clause to which no response is required.

## COUNT III
### (Against Defendant City of Philadelphia)
### Reinstatement to Official Position Following Retaliatory Removal
### U.S. Const. amends. I, XIV; 42 U.S.C. § 1983

80. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

81. Denied.

82. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

83. Denied.

84. Denied.

85. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

**WHEREFORE** clause:

This paragraph is a "wherefore" clause to which no response is required.

## COUNT IV
### (Against Defendant City of Philadelphia)
### Reinstatement to Official Position Following Retaliatory Removal
### U.S. Const. amend. XIV; 42 U.S.C. § 1983

86. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

87. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

88. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the City denies the allegations in this paragraph.

**WHEREFORE** clause:

This paragraph is a "wherefore" clause to which no response is required.

**AFFIRMATIVE DEFENSES OF DEFENDANT CITY OF PHILADELPHIA**

First Affirmative Defense: Plaintiff fails to state a claim upon which relief may be granted.

Second Affirmative Defense: Plaintiff fails to allege state action on the part of Defendant City.

Third Affirmative Defense: Defendant City lacks the authority to determine how a private organization such as the 22nd Ward Democratic Committee selects its primary contact person for a City program.

Fourth Affirmative Defense: Plaintiff lacked authority to register the Committee as an RCO.

Fifth Affirmative Defense: As Ward Leader, Defendant Bass had authority to speak for the private organization 22nd Ward Democratic Committee and select its primary contact for the RCO program.

Sixth Affirmative Defense: The "22nd Ward Democratic Committee RCO" does not exist as a separate or independent legal entity from the 22nd Ward Democratic Committee. Instead, the registration process recognizes organizations, like the Ward Committee, a non-profit, or a neighborhood association, as community organizations.

Seventh Affirmative Defense: The position of "primary contact person" of an RCO is not an official government position with accompanying powers, authority, or duties.

Eighth Affirmative Defense: Plaintiff is not entitled to procedural due process to protect a "liberty interest" in exercising First Amendment rights. Count IV is merely an improper restatement of Plaintiff's baseless First Amendment retaliation claim articulated in Count III.

**WHEREFORE**, Defendant City demands that Plaintiff Cain's claims be denied with prejudice and that it be awarded its costs and reasonable attorneys' fees.

Date: December 13, 2022                             Respectfully submitted,

*/s/ Ryan B. Smith*
Benjamin Field, Chief Deputy City Solicitor
Ryan B. Smith, Assistant City Solicitor
Pa. Attorney ID No. 324643
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Ryan.Smith@phila.gov
(215) 683-2954

*Counsel for Defendant City of Philadelphia*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CARLA CAIN, | : |
| Plaintiff, | : |
|  | : CIVIL ACTION |
| v. | : |
|  | : No. 2:22-cv-360-CFK |
| CINDY BASS | : |
| and | : |
| CITY OF PHILADELPHIA, | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

    I, Ryan B. Smith, hereby certify that the foregoing document titled "Answer to the Second Amended Complaint with Affirmative Defenses" has been filed electronically and is available for viewing and downloading from the ECF system by all counsel of record pursuant to Local Rule 5.1.2(8)(b).

Date: December 13, 2022                                       Respectfully submitted,

                                                                           */s/ Ryan B. Smith*
                                                                           Ryan B. Smith
                                                                           Assistant City Solicitor